**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| MINNEAPOLIS, MINNESOTA,<br><br>   Plaintiff,<br><br> vs.<br><br>PURDUE PHARMA L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS INC.; INSYS THERAPEUTICS; CARDINAL HEALTH INC.; MALLINCKRODT LLC; MALLINCKRODT PLC; MCKESSON CORPORATION; AMERISOURCEBERGEN DRUG CORPORATION; WALGREENS BOOTS ALLIANCE d/b/a WALGREEN CO.; and JANE DOES 1-50,<br><br>   Defendants. | Case No.: _____<br><br>Action Filed: June 19, 2018<br>Action Served: June 21, 2018 |

**DEFENDANTS ENDO HEALTH SOLUTIONS INC. AND
<u>ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") hereby give notice of removal of this action, captioned *Minneapolis, Minnesota v. Purdue Pharma L.P. et al.*, bearing case number 27-CV-18-10032, from the Fourth Judicial District Court of Hennepin County, Minnesota, to the United States District Court for the District of Minnesota.  This Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## BACKGROUND

1.  On June 19, 2018, Plaintiff, the City of Minneapolis, Minnesota, filed a Complaint in the Fourth Judicial District Court of Hennepin County, Minnesota (attached hereto as **Exhibit 1**) against the following defendants (as well as unnamed, unidentified Doe Defendants):  Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Insys Therapeutics; Cardinal Health Inc.; Mallinckrodt LLC; Mallinckrodt plc; McKesson Corporation; AmerisourceBergen Drug Corporation; and Walgreens Boots Alliance d/b/a Walgreen Co.[1]

2.  As discussed below, all Defendants are citizens of states or foreign states other than Minnesota.

---

[1] On December 5, 2017, the Judicial Panel on Multidistrict Litigation issued an order creating a Multidistrict Litigation ("MDL") that would include this case, just as it includes other actions against Defendants filed in or removed to this district. *See In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 328 (Dec. 5, 2017 Transfer Order); *see also id.* Doc. 546 (Jan. 17, 2018 CTO-4); *id.* Doc. 601 (Jan. 24, 2018 CTO-5); *id.* Doc. 1182 (Apr. 11, 2018 CTO-20).  More than 69 state opioid-related actions have been removed to federal court and transferred to the MDL.

3. Endo received the Complaint through service on June 21, 2018. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Endo is attached hereto as **Exhibit 1**. A copy of the state court docket and all other documents filed in the state court action (other than the documents contained in Exhibit 1) is attached hereto as **Exhibit 2**.

## VENUE AND JURISDICTION

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 103, 1391, 1441(a), and 1446(a) because the Fourth Judicial District Court of Hennepin County, Minnesota, where the Complaint was filed, is a state court within the District of Minnesota.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

**I.   THERE IS COMPLETE DIVERSITY OF CITIZENSHIP**

6. There is complete diversity of citizenship here because Plaintiff is a Minnesota citizen and all Defendants are citizens of states or foreign states other than Minnesota.

   **A.   Plaintiff Is A Citizen of Minnesota**

7. The City of Minneapolis, Minnesota, is a citizen of Minnesota for purposes of diversity jurisdiction. *See Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes.") (citation omitted).

   **B.   None of the Defendants Is A Citizen of Minnesota**

8. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has

its principal place of business[.]" 28 U.S.C. § 1332(c)(1).  A partnership is a citizen of every state in which its partners are citizens.  *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016).  A limited liability company is a citizen of every state in which its members are citizens.  *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

9. Applying these principles, none of the Defendants is a citizen of Minnesota.

10. Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.  (Compl. ¶ 30.)

11. Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.  (*Id.*)

12. Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are citizens of Minnesota.  (*See id.* ¶ 24.)  Its partners are citizens of New York, Connecticut, Delaware, Texas, the British Virgin Islands, and Jersey, Channel Islands.

13. Defendant Purdue Pharma Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.  (*Id.*)

14. Defendant The Purdue Frederick Company Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.  (*Id.*)

15. Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Pennsylvania.  (*Id.* ¶ 26.)

16. Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania.  (*Id.*)

17.     Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey. (*Id.* ¶ 28.)

18.     Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

19.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

20.     Defendant Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

21.     Defendant Mallinckrodt plc is an Irish public limited company headquartered in Staines-Upon-Thames, Surrey, United Kingdom. (*Id.* ¶ 32.)[2]

22.     Defendant Mallinckrodt LLC is a limited liability company organized under the laws of Delaware (*see id.*), none of whose members are citizens of Minnesota. Mallinckrodt LLC's sole member is Mallinckrodt Enterprises LLC. Mallinckrodt Enterprises LLC's members are Mallinckrodt Enterprises Holdings, Inc., a citizen of California; Ludlow Corporation, a citizen of Massachusetts; and Mallinckrodt ARD Finance LLC. Mallinckrodt ARD Finance LLC's sole member, Mallinckrodt ARD Inc., is a citizen of California.

23.     Defendant Insys Therapeutics, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Chandler, Arizona. (*Id.* ¶ 37.)

---

[2] The complaint erroneously asserts that Mallinckrodt plc has U.S. headquarters in St. Louis, Missouri.

24. Defendant Cardinal Health, Inc. is a corporation organized under the laws of Ohio with its principal place of business in Dublin, Ohio.  (*Id.* ¶ 39.)

25. Defendant McKesson Corporation is a corporation organized under the laws of Delaware with its principal place of business in San Francisco, California.  (*Id.* ¶ 40.)

26. Defendant AmerisourceBergen Drug Corporation is a corporation organized under the laws of Delaware with its principal place of business in Chesterbrook, Pennsylvania.  (*Id.* ¶ 42.)

27. Defendant Walgreens Boots Alliance is a corporation organized under the laws of Delaware with its principal place of business in Deerfield, Illinois.  (*Id.* ¶ 44.)

28. Accordingly, all of the Defendants are citizens of a state or foreign state other than Minnesota.

    **C.**     **The Citizenship of Doe Defendants Should Be Ignored**

29. The citizenship of the unnamed, unidentified Jane Doe Defendants should be ignored for purposes of determining whether this action is removable based on diversity of citizenship.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded.").

**II.**     **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

30. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id*. at 553.  In determining whether the

amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages. *See, e.g.*, *Capitol Indem. Corp. v. 1405 Assocs., Inc.*, 340 F.3d 547, 549 (8th Cir. 2003).

31. Here, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs. The Complaint asserts that Plaintiff has incurred "significant costs . . . to address opioid-related law enforcement, social services, and public health issues." (Compl. ¶ 378; *see also id.* ¶¶ 387, 400, 413.) Specifically, Plaintiff alleges that it has incurred costs for "emergency responses to overdoses, providing addiction treatment, handling opioid-related investigations, arrests, adjudications, and incarceration, treating opioid-addicted newborns in neonatal intensive care units, burying the dead, and placing thousands of children in foster care placements[.]" (*Id.* ¶ 14.) Plaintiff alleges that these costs are "extraordinary" and "related directly to Defendants' . . . actions." (*Id.* ¶ 15.) Plaintiff also alleges that it has spent $373,098 on opioid prescriptions in addition to "associated doctor visits or medicines to treat the side effects of opioids" (*id.* ¶ 307), as well as $57,241 to provide Narcan to the police department (*id.* ¶ 328). Plaintiff seeks compensatory and punitive damages. (*Id.* ¶ 486 & Prayer for Relief.)

**III.    ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED**

    **A.    The Notice of Removal Is Timely**

32. This Notice of Removal is timely filed. Endo received the Complaint through service on June 21, 2018. Because Endo filed the Notice of Removal on June 29, 2018, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

### B. All Properly Joined and Served Defendants Consent to Removal

33. For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

34. The following properly served Defendants consent to removal, as indicated by their signing below: Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Insys Therapeutics; Cardinal Health Inc.; McKesson Corporation; AmerisourceBergen Drug Corporation; and Walgreens Boots Alliance.

35. The following Defendants have not been properly served, and thus their consent to removal is not required: Mallinckrodt LLC; and Mallinckrodt plc. *See id.* Nevertheless, they consent to removal. The Defendants listed in this paragraph expressly reserve, and do not waive, all defenses related to service of process and personal jurisdiction.

36. By filing this Notice of Removal, neither Endo nor any other Defendant waives any defense that may be available to them and reserve all such defenses. If any question arises as to the propriety of the removal to this Court, Endo and the remaining defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

8

**C.     Notice of Removal**

37.     Pursuant to 28 U.S.C. § 1446(d), Endo will give written notice of the filing of this Notice of Removal to all parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

## CONCLUSION

WHEREFORE, Endo hereby removes this action from the Fourth Judicial District Court of Hennepin County, Minnesota, to the United States District Court for the District of Minnesota.

DATED:  June 29, 2018                    */s/ Keiko L. Sugisaka*
Keiko L. Sugisaka (#0266152)
MASLON LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 672-8309
Keiko.Sugisaka@maslon.com

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@arnoldporter.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com

Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC. and ENDO PHARMACEUTICALS INC.
*\* denotes national counsel who will seek pro hac vice admission*

**WRITTEN CONSENT OF OTHER DEFENDANTS**

Consent to removal on behalf of Defendants PURDUE PHARMA L.P., PURDUE PHARMA INC., and THE PURDUE FREDERICK COMPANY INC.:

 */s/ Mark S. Cheffo*
Mark S. Cheffo*
Hayden A. Coleman*
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
(212) 698-3500
(212) 698-3599 (Facsimile)
mark.cheffo@dechert.com
hayden.coleman@dechert.com
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants TEVA PHARMACEUTICALS USA, INC., CEPHALON, INC.:

*/s/ Steven A. Reed*
Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
steven.reed@morganlewis.com

Brian M. Ercole*
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
brian.ercole@morganlewis.com
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC., and JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.:

*/s/ Charles C. Lifland\**
Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
*\* denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant INSYS THERAPEUTICS, INC.:

*/s/ J. Matthew Donohue\**
J. Matthew Donohue* (Trial Attorney)
Joseph L. Franco*
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: (503) 243-2300
Facsimile: (503) 241-8014
matt.donohue@hklaw.com
joe.franco@hklaw.com
*\* denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants MALLINCKRODT PLC and MALLINCKRODT LLC:

*/s/ Brien T. O'Connor*
Brien T. O'Connor*
Andrew J. O'Connor*
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant MCKESSON CORPORATION:

*/s/ Russell S. Ponessa*
Russell S. Ponessa (#169316)
HINSHAW & CULBERTSON LLP
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
(612) 333-3434
rponessa@hinshawlaw.com

Nathan E. Shafroth*
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
(415) 591-6000
nshafroth@cov.com

Steven J. Winkelman (#0397747)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-5097
swinkelman@cov.com
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant CARDINAL HEALTH, INC.:

12

*/s/ Ashley W. Hardin\**
Ashley W. Hardin\*
Steven M. Pyser\*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5960
ahardin@wc.com
spyser@wc.com
\* *denotes national counsel who will seek pro hac vice admission*

13

Consent to removal on behalf of Defendant
AMERISOURCEBERGEN CORPORATION:

*/s/ Robert A. Nicholas\**
Robert A. Nicholas*
Shannon E. McClure*
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
rnicholas@reedsmith.com
smcclure@reedsmith.com
*\* denotes national counsel who will seek pro hac vice admission*

Alvin L. Emch*
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000
aemch@jacksonkelly.com
*\* denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant
WALGREENS BOOTS ALLIANCE, INC.:

*/s/ Kaspar Stoffelmayr\**
Kaspar Stoffelmayr*
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard St., Ste. 300
Chicago, Illinois 60654
(312) 494-4400
kaspar.stoffelmayr@bartlit-beck.com
*\* denotes national counsel who will seek pro hac vice admission*

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing is being served upon the following by regular United States mail, postage prepaid:

| | |
|---|---|
| Susan L. Segal<br>Gregory P. Sautter<br>City Attorneys<br>City Hall, Room 210<br>350 South Fifth Street<br>Minneapolis, MN  55415<br><br>Mark J. Briol<br>Scott A. Benson<br>BIOL & BENSON, PLLC<br>3700 IDS Center<br>80 South Eighth Street<br>Minneapolis, Minnesota 55402<br><br>Linda Singer*<br>Elizabeth Smith*<br>MOTLEY RICE LLC<br>401 9th Street NW<br>Suite 1001<br>Washington, DC 20004<br><br>*Counsel for Plaintiff Minneapolis, MN* | Mark S. Cheffo*<br>Hayden A. Coleman*<br>DECHERT LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY 10036-6797<br><br>*Counsel for Defendants Purdue Pharma, L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc.* |
| Steven A. Reed*<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br><br>Brian M. Ercole*<br>MORGAN, LEWIS & BOCKIUS LLP<br>200 S. Biscayne Blvd., Suite 5300<br>Miami, FL  33131-2339<br><br>*Counsel for Defendants Teva Pharmaceuticals USA, and Inc., Cephalon, Inc.* | Charles C. Lifland*<br>O'MELVENY & MYERS LLP<br>400 S. Hope Street<br>Los Angeles, CA 90071<br><br>*Counsel for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. N/K/A Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. N/K/A Janssen Pharmaceuticals, Inc.* |

| | |
|---|---|
| J. Matthew Donohue*<br>Joseph L. Franco*<br>HOLLAND & KNIGHT LLP<br>2300 U.S. Bancorp Tower<br>111 S.W. Fifth Avenue<br>Portland, OR 97204<br><br>*Counsel for Defendant Insys Therapeutics, Inc.* | Brien T. O'Connor*<br>Andrew J. O'Connor*<br>ROPES & GRAY LLP<br>Prudential Tower, 800 Boylston Street<br>Boston, MA 02199-3600<br><br>*Counsel for Defendants Mallinckrodt PLC and Mallinckrodt LLC* |
| Russell S. Ponessa<br>HINSHAW & CULBERTSON LLP<br>333 South Seventh Street, Suite 2000<br>Minneapolis, MN  55402<br><br>Nathan E. Shafroth*<br>COVINGTON & BURLING LLP<br>One Front Street, 35th Floor<br>San Francisco, California 94111-5356<br><br>Steven J. Winkelman<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br><br>*Counsel for Defendants Mckesson Corporation* | Robert A. Nicholas*<br>Shannon E. McClure*<br>REED SMITH LLP<br>1717 Arch Street, Suite 3100<br>Philadelphia, PA 19103<br><br>Alvin L. Emch*<br>JACKSON KELLY PLLC<br>500 Lee Street, East, Suite 1600<br>P.O. Box 553<br>Charleston, WV 25322<br><br>*Counsel for Defendant Amerisourcebergen Corporation.* |
| Ashley W. Hardin*<br>Steven M. Pyser*<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br><br>*Counsel for Defendant Cardinal Health, Inc.* | Kaspar Stoffelmayr*<br>BARTLIT BECK HERMAN<br>PALENCHAR & SCOTT LLP<br>54 West Hubbard St., Ste. 300<br>Chicago, Illinois 60654<br><br>*Counsel for Defendant Walgreens Boots Alliance, Inc.* |

Dated:  June 29, 2018          /s/  *Keiko L. Sugisaka*
                                                  *Attorney for Defendants Endo Health Solutions Inc.*
                                                  *and Endo Pharmaceuticals Inc.*